Emma T. CAVAZOS, Claimant–Appellant,

v.

Gordon H. MANSFIELD, Acting Secretary of Veterans Affairs, Respondent–Appellee.

No. 2007–7289.

United States Court of Appeals, Federal Circuit.

Dec. 20, 2007.

Emma T. Cavazos, pro se.

Before RADER, SCHALL, and PROST, Circuit Judges.

## ON MOTION

### ORDER

PER CURIAM.

The Acting Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Emma T. Cavazos' appeal from the United States Court of Appeals for Veterans Claims' judgment in *Cavazos v. Nicholson*, 05–1507, for lack of jurisdiction. Cavazos has not responded.

Cavazos, through counsel, sought review by the Court of Appeals for Veterans Claims of a Board of Veterans' Appeals decision that denied her motion for revision based on clear and unmistakable error in a July 1978 Board decision. In the 1978 decision, the Board found that the cause of Cavazos' husband's death did not have any relationship to his service in the United States Navy. The Court of Appeals for Veterans Claims affirmed the Board's decision, finding that, based on the record, the Board's decision was not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." Cavazos appeals to this court.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed.Cir.2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

In her informal brief, Cavazos argues only that Board "did not provide adequate reasons or bases for its decision," and erred in finding that her husband's death was unrelated to a service-connected disability. Cavazos challenges the factual determinations in her case and the Board's application of law to her case. Because Cavazos fails to raise an issue within our jurisdiction, we must dismiss this appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The Acting Secretary's motions are granted. The appeal is dismissed.

(2) Each side shall bear its own costs.